Dear Mr. Donovan:
You have requested an opinion on the following question:
 Are legal fees awarded pursuant to Title 42 U.S.C. of the Voting Rights Act an allowable disbursement from the Self-Insurance Fund?
 42 U.S.C. § 1973l(e) awards to a prevailing party in voting rights litigation of a reasonable attorney fee and expenses as part of the cost of litigation.
 1973l(e) . . . "In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."
Additionally, Local Rule 5.04 Rule 54 (d) FRCP requires that within five (5) days of receiving notice of entry of judgment, unless otherwise ordered by the court, the prevailing party shall file to have their attorney fees and valid expenses taxed as costs. The court in the matter of Clark v. Edwards, United States District Court, Middle District of Louisiana, Docket Number 86-435-A, ordered filing of attorneys' fees and costs on or before September 1, 1992.
Negotiations with the several plaintiffs' attorneys have resulted in a verbal settlement and compromise of the attorney fee claim which must be reduced to writing in order to consummate the transactions.
There is no question that the adverse liability decision against the state in Clark created the status of plaintiffs as prevailing parties contemplated under the enforcement proceedings found in 42 U.S.C. § 1973l. See e.g. Riddell v. National Democratic Party, 344 F. Supp. 908 (S.D. Miss., 1972) reversed 508 F.2d 770 (5th Cir. 1975) on remand 624 F.2d 539
(5th Cir. 1980), judgment affirmed in part, reversed in part545 F. Supp. 252 (S.D. Miss. 1982) affirmed 712 F.2d 165 (5th Cir. 1982) rehearing denied 718 F.2d 1096 (5th Cir. 1983). The resulting decision of the federal courts and the implementation of a settlement remedy and legislative approval of said remedy establishes a basis upon which to enter negotiations compromise and settlement of the attorneys' fees and expense portion of this litigation.
The narrow scope of your question addresses only the issue of what state fund should be utilized for the payment of the compromised attorneys' fees and expenses.
Louisiana R.S. 39:1522 creates the Self-Insurance Fund as a special fund within the Department of the Treasury. Louisiana R.S. 39:1535 establishes the duties and responsibilities of the Office of Risk Management in regard to all claims made against the State of Louisiana and include the responsibility "to manage all tort claims" made against the state or any state agency whether or not covered by the Self-Insurance Fund. Section B additionally, and not by way of limitation states that the Office of Risk Management shall have the duties and responsibilities of:
 (6) Negotiation, compromise, and settlement of all claims against the state or state agencies covered by the Self-Insurance Fund, and all tort claims against the state or state agencies whether or not covered by the Self-Insurance Fund; however, all such compromises and settlements shall be made in return for a complete release and waiver of all further liability of the state, state agencies, and of the officers, officials, and employees covered by R.S. 13:5108.2. No settlement over twenty-five thousand dollars per claimant shall be made without the approval of the attorney general's office.
Section C of Louisiana R.S. 39:1535 continues to outline the Commissioner of Administration's duties and responsibilities by allowing the negotiation of tort claims which are not covered by the Self-Insurance Fund and which are paid from the state general fund appropriations.
It is the opinion of the Attorney General that the Self-Insurance Fund is an administrative tool associated with the management of the Self-Insurance program and allows the Office of Risk Management a vehicle to create administrative guidelines, and is not to be utilized as limiting the payment of claims against the state, whether in tort, or otherwise except in specific instances of statutory exclusions. louisiana R.S.39:1535 distinguishes claims against the Self-Insurance Fund and all tort claims against the state or state agencies whether or not covered by the Self-Insurance Fund as an administrative distinction only, which calls upon the Commissioner of Administration to pay all claims in tort or otherwise except those specifically exempted by state statute.
We have previously provided the Office of Risk Management with memoranda clearly establishing the requirements to administer and manager constitutional tort violations under Title 42 of the United States Code as falling within the purview of the funds administered by the Office of Risk Management. These types of Title 42 claims have been statutorily and traditionally covered by Risk Management funds. The associated attorney's fees and expense claims under the prevailing party status in Clark is an obligation which allows for the payment of those negotiated amounts from the funds appropriated to the Office of Risk Management and created within the Department of Treasury.
We hope the foregoing has been helpful to your inquiry and remain,
Very truly yours,
 RICHARD P. IEYOUB Attorney General
RPI:HCG:ams 1532y